JOHN BARTLETT *vs.* JOHN A. & DANIEL SUTHERLAND.

At common law, where a naked power is given by will to two or more persons as executors to sell land, or to do any other act, it must be executed by all jointly in order to make it valid; and it is equally clear, that if the power to sell lands be coupled with an interest in the executor or agent so appointed to execute the trust, on the death of one or more of the executors, the survivor or survivors may lawfully execute the power.

If the terms used in creating the power, detached from the other parts of the will, confer merely a naked power to sell, and the provisions of the will evince a design in the testator, that the lands should be sold at all events, in such case the power survives; it is not a naked power, but is coupled with other trusts and duties which require the execution of the power to sell.

But the statute of England of Henry VIII., to obviate the common law rule authorized the executor or executors qualifying, as such, or the survivors of them to make a valid sale of land, devised by a will; and a similar statute, Hutch. Code, 671, has been passed in this State.

The intention of the testator is much to be regarded in the construction of the powers given. *Held,* that the testator in this case looked to a joint execution of the will.

Where a power to act is conferred upon two or more, and it is dependent on their judgment whether the act shall be done or not, the power conferred is a special trust or confidence reposed in the judgment of all, and without the concurrence of all the power cannot be executed.

The testator did not in this case devise his land to be sold, but contemplated an act of judgment and reflection to be exercised by the executors before it should take place, and that confidence was reposed in the whole of the exec-

utors, not in one. *Held,* that the sale made by the acting executor was void, and conferred no title on the purchaser of the land.

The statute, Hutch. Code, 671, is not applicable to this case, applying as it does only to land devised to be sold. *Held,* that this is not a devise of land to be sold, but a power or authority conferred upon the executors to sell at their discretion.

This was a special trust reposed by the testator in all the executors, not in a less number.

In error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

This was an action of debt founded on the defendants' writing obligatory for $500. The defendants pleaded that one Isham Stewart died, in the year 1848, seized of a certain tract of land in Madison county, having first made his last will and testament, whereby, among other things, he appointed Benjamin B. Frizell, Hugh A. H. Lawson, and John H. Dalton, his executors, and authorized and empowered them to sell any part of his property, and that said Frizell, under color of said will, and as executor of said Stewart, on the 21st of May, 1848, conveyed said land to the defendants, Sutherlands, and that the writing obligatory sued on was given in consideration of the conveyance of said land, and for none other; and they aver that said Frizell was the only executor in said will who qualified as such, and that no notice of said sale was given of the sale of said land, or of an application to the probate court to sell it, nor was any order made by said court to sell it; that the will confined the power to sell on all said executors, yet said Frizell made the sale alone, and the sale and conveyance were, therefore, without authority, illegal, and void.

The will is made part of this plea, and the only clauses connected with this suit are the following: "6th. I further will and desire that my executors hereinafter named, shall be at liberty at any and all times, to sell or dispose of any part of my estate at private sale, *if in their judgment it* will promote the interest of my estate, and that they shall be at liberty to sell for cash or on a credit, without any order of court for that purpose, and that they be permitted to compromise or arrange at their discretion any lawsuit or debts that may be against me or my estate. 7th. I hereby appoint and constitute my

friends, Benjamin B. Frizell, and Hugh A. H. Lawson and John H. Dalton, my executors, to carry into effect this my last will and testament."

The plaintiff replied that said testator, by said will, empowered his "executors" thereinafter named, generally, to sell and dispose of his estate for cash or on credit, without any order of court for that purpose, and afterwards therein appointed said Frizell, Lawson, and Dalton, executors thereof; which said will was duly admitted to probate in April, 1848; and the said Lawson and Dalton, and each of them having refused to take upon themselves the trust as executors of said will, afterwards letters testamentary were duly granted to said Frizell, who thereby became the sole executor of said will, and by virtue of the power thereby conferred, and of his qualification as executor, said Frizell, as such executor, sold and conveyed the said tract of land, for which said writing obligatory was given, and in consideration thereof took said writing obligatory.

To this replication the defendants demurred on the ground that Frizell alone had no power under the will to sell and convey the lands.

The court sustained this demurrer, and rendered judgment thereon for the defendants; upon which the case is brought to this court.

*A. H. Hardy*, for plaintiff in error.

The only question presented in this case is, Had Frizell alone the power by the will of Stewart to sell and convey the land under the circumstances appearing by the will, and set forth in the plea and replication?

We submit, that under the provisions of this will, the sale by the executor, who took upon himself the trust, the others refusing, is good and valid, by the common law, because,

I. 1. The power to sell is given to "the executors" as such, and not *nominatim*, and the will does not expressly point to a joint exercise of it. Sugden on Pow. 144, 3d point (13 Law Lib. 78); 2 Williams on Executors, 626, 1st American edition. *Zebach* v. *Smith*, 3 Binney, 69. It is otherwise when the power

34 *

is given to the individuals, by their proper names, *nominatim*, though they be afterwards constituted executors in a subsequent clause. Sugden, 144, points 1 and 4.

2. Being to the "executors," who are authorized to pay debts, it is a power coupled with an interest, and in such case the executor taking upon himself the trust, can exercise the power alone. *Jackson* v. *Hunt*, 15 J. R. 346; *Franklin* v. *Osgood*, 14 Ib. 554; *Peter* v. *Beverly*, 10 Peters, 565. See the 6th clause of the will.

II. But be this as it may, the sale is clearly valid under the provisions of our statute, Hutch. Dig. p. 671, § 113, which is the same in substance as the statute 21 Henry 8, ch. 4. See 1 Co. Litt. (Thomas,) 399; 4 Kent's. Com. 325. *Bodley* v. *McKinney*, 9 S. & M. 339. This supplies any want of common law power.

It is, therefore, manifest that the demurrer to the replication should have been overruled, and a judgment rendered for the plaintiff, and that this court will reverse the judgment, and render the proper judgment on the pleadings for the plaintiff.

*G. Calhoun*, for defendant in error.

The plaintiff in error as assignee of B. B. Frizell, instituted an action of debt against the Sutherlands as obligors, and Frizell as assignor, on a note under seal for $500, given to Frizell as executor of Isham Stewart. The Sutherlands plead that Stewart died seized of lands, leaving a will, which is set out in the plea, whereby he appointed Frizell, A. H. A. Lawson, and J. H. Dalton, his executors, and authorized them to sell any part of his property, and that Frizell, as executor under color of the will, sold and conveyed lands to J. and A. Sutherland, for which the note was given; that this sale was unauthorized by the will, and void; and, therefore, that the note was without consideration.

The replication sets out the will, and avers that under it Frizell, the only executor who qualified, had power to sell. Sutherland demurred on the ground that he had no such power.

The 3d clause of the will reads thus: "I will and desire that

from the proceeds of my said farm, and all my effects of every kind and nature not necessary to carry on my said farm, that all my just debts shall be paid." In other clauses he willed that his farm should be carried on until his youngest child should arrive at full age, and then his property to be divided between them. In another clause he adds: " I further will and desire that my executors hereinafter named shall be at liberty at any and all times, to sell or dispose of any part of my estate at private sale, if in their judgment it will promote the interest of my estate." He then appoints Frizell, Lawson, and Dalton, his executors.

The counsel for the plaintiff in error has correctly stated the only question in the cause. It is, Had Frizell alone the power to sell the land? I think it clear that he had not. The testator did not will the land to be sold; he willed his executors should be at liberty to sell, in case they should judge a sale expedient. No other construction can be put upon the will than that the land was not to be sold, but retained and divided between the heirs, unless the executors concurred in opinion that it would be politic to sell. The question is directly settled in the case of *Wooldridge's Heirs* v. *Watkins, Executor,* 3 Bibb, 349.

This is not a case of a devise, that executors shall sell the land. The sale is to depend on the judgment of all the executors. The terms are, if in their judgment a sale would promote the interest of the estate. To say that one can judge, is but making a will for the testator. Nor is this a case of a devise of lands to be sold by executors. ·

Counsel say, "the power to sell is given to the executors as such, and not *nominatim.*" It is immaterial in this case, whether this is the proper construction of the will or not, because the exercise of the power was to depend on the judgment of the executors, not on the judgment of one of them. But this is not a proper construction. The language is, " I will and desire that my executors hereinafter named shall be at liberty to sell," &c.; and thereafter three executors are named. This is precisely the same as if he had said that, I desire that my executors, Frizell, Lawson, and Dalton, be at liberty to sell, &c. All the authorities referred to by counsel on this point

relate to wills conferring an absolute power to sell, not to cases where the testator, reposing confidence in the judgment of particular men, makes the sale depend on the exercise of that judgment.

It is contended, that a power coupled with an interest was conferred on the executors. The cases referred to by counsel on this point grew out of wills where the power to sell was unconditional. This is not a power coupled with an interest. The idea, that a mere authority to pay debts confers an interest is new to me. If the estate had been vested in the executors for the purpose of paying debts or legacies, and a sale directed, a trust would have been created, and the power would have been coupled with an interest; but so far from this being the case, the testator provides for the payment of his debts by the profits of his farm and effects not necessary to carry it on. When an executor has power to sell, to raise money for a certain purpose, such as the case put by Littleton, " to distribute for his soul," which is similar in principle to the payment of debts, the executor has no interest, but a bare naked authority. See 1 Co. Litt. p. 113 a ; 1 Williams on Executors, 413.

It is contended by counsel, that the sale is valid under our statute. Hutch. Dig. 671, which is the same in substance as the statute of Henry 8. Both these statutes apply only to wills where the lands are devised to be sold. See Sugden on Powers, in 13 Law Lib. 71. Before either statute can apply, the testator must absolutely direct a sale. In such case, it matters not who sells, and without a sale the will would remain unexecuted. This is plain from the provision in the statute referred to, that in case no executor will act, the administrator, with the will annexed, may sell. Now where a sale is made to depend on the personal confidence which a man may have in three friends, to say that it may be made by a stranger, is a new doctrine to me ; yet this is the doctrine, if the statute is extended to cases where there is no absolute devise to sell. The testator has explicitly stated on whose judgment he intrusts the sale. To say that it shall be made without the exercise of the judgment of all those mentioned by him, would be a palpable violation of his will. The case in Bibb, *supra,* is directly in point, and

I confidently believe that no case can be found in the slightest degree conflicting with it.

Mr. Justice YERGER delivered the opinion of the court.

In the year 1848, Isham Stewart made his last will and testament, containing among other clauses one in the following words : " I further will and desire, that my executors hereinafter named shall be at liberty at any and all times, to sell or dispose of any part of my estate at private sale, if in their judgment it will promote the interest of my estate ; and that they shall be at liberty to sell for cash or on a credit, without any order of court for that purpose ; and that they be permitted to compromise or arrange, at their discretion, any lawsuit or debts that may be against me or my estate." By another clause, he appointed his " friends, Benjamin B. Frizell, Hugh A. H. Lawson, and John H. Dalton, his executors."

The testator died. The will was duly admitted to probate. Lawson and Dalton refused to qualify as executors, and letters testamentary were granted to Frizell alone. Subsequent thereto, Frizell, acting under the foregoing clause of the will, made a sale of a tract of land belonging to the estate ; and the question presented by this record is, whether a private sale made by him alone, without an order of the probate court, is valid or not.

It is conceded, that by the common law, where a naked power is given by will to two or more persons as executors to sell land, or to do any other act, it must be executed by all jointly, in order to be valid. *Franklin* v. *Osgood*, 14 Johns. R. 553 ; Co. Litt. 112 b, 113 a, 181 b ; Powell on Dev. 292, 310.

The rule seems to be equally well settled, that if the power to sell lands be coupled with an interest in the executors or agents so appointed to execute the trust, then, on the death of one or more of the executors, the survivor or survivors may lawfully execute the power. *Franklin* v. *Osgood*, 14 Johns. 553 ; 1 Caine's Ca. in Error, 15 ; 3 Salk. 277 ; 3 Atk. 714 ; 2 P. Williams, 102 ; 10 Peters, 565.

It has likewise been held, that where the terms used in creating the power, detached from the other parts of the will, confer

merely a naked power to sell, and yet the other provisions of the will evince a design in the testator that the lands should be sold at all events, in order to satisfy the whole intent of the will, there also the power survives. In this latter case, it is not a naked power, in the sense of Lord Coke's general rule, but is coupled with other trusts and duties which require the execution of the power to sell. *Franklin* v. *Osgood*, 15 Johns. 553, and cases there cited.

To obviate inconveniences, which were found to result from the strict rule of the common law on this subject, a statute was passed in England in the reign of Henry VIII., which authorized the executor or executors qualifying, or the survivor of them, to make a valid sale of lands devised by the will to be sold. A similar statute has been enacted in this State. Hutch. Code, 671.

It is contended for the plaintiff in error, that in all cases, where the power of sale is given to the executors, " *qua* executors, and not *nominatim*," the power may be exercised by such as qualify, unless the will expressly points to a joint execution; Sugden on Powers, 144; that in the present case, as the power was to the " executors," and not to individuals by name, inasmuch as the executors are bound to pay debts, it is a power coupled with an interest, which will justify the executor taking the trust upon himself to act alone, and at any rate the sale is valid by virtue of the statute.

While I readily yield my assent to the rules laid down in the authorities cited by counsel, yet my mind has reached a different conclusion.

In the opinion of Chancellor Kent, in the case of *Franklin v. Osgood*, 2 John. Ch. R. 21, afterwards affirmed by the supreme court, he states the rule to be, that " the intention of the testator is much to be regarded in the construction of these powers, and they are to be construed with greater or less latitude in reference to that intent."

Applying this rule to the construction of this power, our minds are brought to the conclusion that the testator looked to a joint execution of it. It is not, as will be seen on reference to the will, a devise of the land to be sold at all events. But

it is a naked power or authority to the "executors thereinafter named, to sell or dispose of any part of the estate at private sale, if in their judgment it will promote the interest of the estate."

We take the rule to be clear and indisputable, that wherever a power to act is conferred upon two or more, and it is dependent upon their judgment whether the act shall be done or not, the power conferred in such case is a special trust or confidence reposed in the judgment of all; and without the concurrence of all, the power cannot be exercised. Such was the rule established by the supreme court of Kentucky in the case of *Wooldridge's Heirs* v. *Watkins, Executor,* 3 Bibb, 349; and we believe it to be the true one.

We do not conceive that the clause in the will before us is a devise that the executors shall sell the testator's land; nor is it a devise of the land to be sold. On the contrary, it merely gives authority to the executors to sell the land at private sale, if in their judgment such sale would promote the interest of the estate. The testator evidently contemplated an act of judgment and reflection to be exercised by his executors before this sale should take place, and that confidence was reposed in the whole executors, and not in one. The power was to his "executors thereinafter named, if in their judgment," &c.

We can readily conceive, that a testator might be willing to repose a power to sell his real estate at private sale, to the joint judgment of all his executors, when he would not be willing to trust so great a power to the discretion or judgment of a single one. Believing this to be the true construction of this will, we think the sale made by the acting executor was void, and conferred no title on the purchaser.

Nor do we believe that the statute on this subject, (Hutch. Code, 671,) is applicable to this case. That statute is only applicable in its terms to "the sale and conveyance of lands devised to be sold." As before remarked, we do not look upon this will as a devise of lands to be sold, but only a power or authority conferred upon the executors to sell, if in their judgment it would conduce to the interest of the estate to make the sale. And this power, we conceive, it was the intention o

the testator should only be executed when, in the judgment of all the persons named by him as executors, they should deem it proper to be exercised. It was a special trust and confidence reposed in the judgment of three, which, in our opinion, the testator did not intend to repose in the judgment of a less number.

Let the judgment of the circuit court be affirmed.