GLIDEWELL *et al. v.* PANNELL.

(Division A. Oct. 13, 1930.)

[130 So. 288. No. 28827.]

Stovall & Stovall, of Okolona, for appellants.

C. A. Bratton, of Pontotoc, for appellants.

A. J. McIntyre, of West Point, for appellee.

Argued orally by **C. A. Bratton** and **R. C. Stovall**, for appellant, and **A. J. McIntyre**, for appellee.

**Cook, J.**, delivered the opinion of the court.

C. E. Glidewell, Sr., died on the second day of February, 1929, leaving a last will and testament which was duly probated on the 7th day of February, 1929. In this will, H. C. Glidewell, C. E. Glidewell, Jr., sons of the deceased, and Mrs. Lula Stone, his daughter, were named as executors and executrix, and qualified as such. By

the will the executors and the executrix were relieved from making bond, or reporting their acts to any court, and they were vested with full power to sell lands not devised, and to divide the money, choses in action, and any property in his residuary estate among the legatees. On May 7, 1929, Mrs. Mattie Pannell, one of the devisees, filed a petition seeking to remove the executors and executrix on the ground that they were dissipating the estate, and to have an administrator with the will annexed appointed. On June 4, 1929, and before a final decree was entered in the proceedings to remove the executors and executrix, H. C. Glidewell, one of the executors, died, and, upon the hearing of the petition, the relief prayed for therein was denied, but the surviving executor and the executrix were required to give a bond conditioned according to law, and this bond was subsequently executed.

Thereafter, on September 6, 1929, Mrs. Mattie Pannell, the appellee herein, filed a suit against the appellants, the devisees and legatees named in the will of C. E. Glidewell, deceased, seeking a partition of the lands owned by the testator at the time of his death. It was charged in this bill, or petition, that the provisions of the will authorizing the executors and executrix to sell the real estate belonging to the estate vested in them a discretionary power which did not survive the death of H. C. Glidewell, one of the executors, and that, consequently, the surviving executors were not authorized to sell or dispose of the said real estate, although they were attempting to do so. The surviving executor and executrix were not made parties to the suit, but, by a decree of the court, they were authorized to intervene and defend.

The appellants demurred to the bill of complaint on the grounds: First, that there was no equity in the bill, and, second, that the bill and exhibits showed that the surviving executor and executrix have full power to sell

and convey the real estate described in the bill; and also filed an answer denying the material allegations of the bill. By agreement of the parties, the demurrer and proof were heard together, and, at the conclusion of this hearing, the chancellor granted a decree overruling the demurrer, and ordering a sale of the land for a division of the proceeds by a commissioner appointed by the court. Upon the proof offered at this hearing, the court also fixed the amount necessary for the support and maintenance of Mrs. Annie Glidewell, widow of the deceased, exclusive of doctors' and nurses' bills, at thirty dollars per month; and, under item 9 of the will, ordered the executor and executrix to pay this amount to Mrs. Lula Stone with whom the said widow made her home, and from this decree this appeal was prosecuted.

The testator's will, after directing the payment of his debts and funeral expenses, and making specific devises of certain of his lands, contained certain other provisions which have a bearing upon the question presented for decision by this appeal, these provisions being as follows:

"Ninth: I give, devise and bequeath to my wife Annie Glidewell the home place on Church street in Okolona, Mississippi, and what bonds I may have at my death, of all kinds. And my executors are given full power to so handle my residuary estate and invest funds or retain property or lands that may insure a competency for my wife during her life.

"Tenth: It is my will that after the provisions heretofore are carried out, I will devise and bequeath all of the remainder and residue of my estate, to Maggie Pannell, Stella Baker, Callie Bethany, C. E. Glidewell, Jr., H. C. Glidewell, Lula Stone, Margaret Glidewell and Mattie Pannell, share and share alike."

"Twelfth: I hereby appoint H. C. Glidewell, C. E. Glidewell, Jr., and Lula Stone as executors of this my last will and testament, without bond and they shall not be required to report to any court in any way of their

acts as executors. The said executors are vested with full authority to sell lands not herein devised and divide the money, choses in action and any property in my residuary estate among my legatees named in Item Ten, share and share alike. I desire my estate to be wound up as soon as practicable after my death and all useless expense avoided.''

It seems clear that the power and authority conferred upon the executors to sell the lands not otherwise devised, or necessary to insure a competency for the widow of the deceased, is not discretionary, but requires the sale of such lands at all events. The ninth item of the will vests the executors with full power to handle the residuary estate and to invest the funds or retain property or lands so as to insure a competency to the testator's widow during her life, while the twelfth item of the will vests the executors with full power and authority to sell such lands and divide the money received therefor among the legatees named in item 10, and commands that the estate be wound up as soon as practicable after the testator's death. By these provisions of the will, the question of whether or not the lands should be sold was not confided to the personal discretion or judgment of the executors, but the power is vested in the executors virtute officii, and, where ''there is no personal trust confided to the executors nominatim but merely that official one usual in the appointment of executors generally, and belonging to the office,'' the power vested in the executors may be exercised by the survivor, or by the administrator with the will annexed, where the executor fails to qualify, or dies, before he executes the will. Cohea v. Johnson, 69 Miss. 46, 13 So. 40. In the Cohea case, supra, the court applied section 1984, Code of 1880, which is substantially the same as section 2013, Code 1906, section 1753, Hemingway's Code 1927, which reads as follows: ''Whenever any last will and testament shall empower and direct the executor as to the sale of property, the payment of debts and leg-

acies, and the management of the estate, the directions of the will shall be followed by the executor, and the provisions herein contained shall not so operate as to require the executor to pursue a different course from that prescribed in the will, if it be lawful. And if land be directed by the will to be sold, the sale shall be made and the proper conveyance executed by the executors, or such of them as shall undertake the execution of the will, or by the person appointed by the will to execute the trust; and if the executor fail to qualify or die before he execute the will, and if the person appointed fail to execute the trust, the sale shall be made by the administrator with the will annexed."

In discussing the effect of this statute in the case of Ex parte White et al., 118 Miss. 15, 78 So. 949, 951, L. R. A. 1918E, 1065, the court said: "If he [the testator] had directed that any of his lands should be sold, then the misfortune of either executor failing to qualify or dying before the execution of the trust would be taken care of by our statute. If there is to be a sale of real estate at all events, then the statute sees to it that the purposes of the testator are not thwarted by misfortune or accident. But if there is to be no sale at all events, but only at the discretion of the two persons named as executors, then it is safe to require that this discretion be exercised jointly."

In the management of the estate and the sale of the lands, the directions of the will should be followed by these executors; and since the clear intent of the testator, as gathered from all the provisions of the will, was that the land should at all events be sold by the executors, it was error for the court to direct a different course from that prescribed in the will.

The decree of the court below will, therefore, be reversed, and the bill of complaint dismissed.

Reversed, and bill dismissed.