GILLESPIE, Chief Justice,
for the Court.
This case involves the question whether under the particular terms of the will, the testamentary power of sale conferred upon two named executors survived the death of one of them.
Bennie Carson and three other devisees under the will of Sidney Bates Carson, deceased, filed suit in the Chancery Court of Lee County to set aside two deeds executed by Louis Carson, Executor of the last will of Sidney Bates Carson. After a hearing on the merits of the controversy, the chancellor upheld the validity of the deeds in question, and Bennie Carson and the three other devisees appealed from the adverse decree.
The will of Sidney Bates Carson appointed in Item 1 thereof his wife, Minnie Fulton Carson, as executrix without bond. Other pertinent items in the will are as follows:
Item 4. Upon the death of my wife, Minnie Fulton Carson, I appoint my two children, Mrs. Jennie May Carson Godfrey, Executrix and Louis Carson, Executor, of my estate, real, personal and mixed as may then remain, to serve jointly without bond and without reporting to any court.
Item 5. Upon the death of my wife, I direct that my executor and executrix, named in the next preceding item, shall, in their joint discretion, sell, in parts, parcels or all together, all of my property and estate then remaining, at public or private sale as they may elect, and then divide the proceeds into shares of equal value of a number to the number of my children who survive my wife plus the number of my children who predecease my wife, but who have a child, or children then living.
Item 6 provides for distribution of the proceeds of the sale of the property to his children.
Item 7. It is my will and I hereby direct and authorize my Executrix and Executor heretofore named in Item 5, hereof, when my estate then remaining is sold by them, to execute all deeds, bills of sale or other instruments as may be required to effectively convey all, or any part of my estate then remaining to the purchaser or purchasers thereof.
Item 8 provided in part as follows:
It is my will and I hereby authorize my Executrix and Executor heretofore named in Item 5, hereof, when distribution of the proceeds of sale of my estate is undertaken by them in accordance with Item 6, hereof, where a portion thereof will be due to a minor, in their joint discretion to pay said minor’s portion to the person who then stands in loco parentis to said minor.
The testator died on June 1, 1959, and his wife, Minnie Fulton Carson, qualified as executrix and performed the duties as such until her death on December 14, 1973. At that time, Mrs. Jennie May Carson Godfrey (one of the executors named in Item 4) was already dead. Louis Carson was thereupon issued letters testamentary and proceeded to act as sole. *915 executor. Without court order, he sold two tracts of land remaining in Sidney Bates Carson’s estate.
It is argued on the part of Bennie Carson and the other appellants that the will of Sidney Bates Carson reveals an intention on the part of the testator that the power to sell real estate was dependent upon the judgment or discretion of both executors named in the will and was a special trust or confidence reposed in both, and without the concurrence of both, the power could not he exercised.
The executor, Louis Carson, and the other four appellees, contend that the direction to the co-executors to sell the land and distribute the proceeds to certain named distributees survived the death of Mrs. Jennie May Carson Godfrey. The executor bases his argument on the ground that the power to sell the real estate is coupled with an interest in the executor to execute a trust. For authority, he relies on Bartlett v. Sutherland, 24 Miss. 395 (1852). The executor also relies upon the Bartlett case in contending that the will in the present case directs that the co-executors shall sell the land at all events. He further relies upon Mississippi Code Annotated section 91-7-49 (1972).
A power to sell real property given by a will to two or more persons as executors survives the death of one of them if the whole will evinces an intention that the real property be sold at all events. Bartlett v. Sutherland, supra. The opinion in Bartlett also states that the power survives if the power of sale is coupled with an interest in the executor to execute a trust. Bartlett is also authority for the proposition that wherever a power to act is conferred upon two or more persons, and it is dependent upon their judgment whether the act shall be done or not, the power conferred in such case is a special trust or confidence reposed in the judgment of all, and without the concurrence of all, the power cannot be exercised. This Court applied the latter rule in holding that the power did not survive in Batson v. Humble Oil & Refining Co., 213 Miss. 340, 56 So.2d 828 (1952), and Ex Parte White, 118 Miss. 15, 78 So. 949 (1918).
In Glidewell v. Pannell, 158 Miss. 249, 130 So. 288 (1930), the power to sell lands not otherwise devised, was held to survive. The Court found that the power to sell lands “was not confined to the personal discretion or judgment of the executors,” and the will required the lands to be sold “at all events.”
Bartlett provides the key to the construction of these powers. There the Court said: “The intention of the testator is much to be regarded in the construction of these powers, and they are to be construed with greater or less latitude in reference to that intent.” 24 Miss. at 402.
We now turn to the will to ascertain the intention of the testator. Item 2 gives his wife a life estate in his property with power to sell all property except real estate. Item 4 provides that upon the death of the testator’s wife, his children, Mrs. Jennie May Carson Godfrey and Louis Carson are appointed co-executors “to serve jointly without bond and without reporting to any court.” Item 5 directs that upon the death of testator’s wife, the executors “shall, in their joint discretion, sell in parts, parcels or all together, all of my property and estate thn remaining, at public or private sale as they may elect,” and then divide the proceeds in equal shares. Item 6 gives each of his children one equal share of the proceeds of the sale mentioned in Item 5. Item 7 authorizes his executors to “execute all deeds, bills of sale or other instruments as may be required to effectively convey all, or any part of my estate then remaining to the purchaser or purchasers thereof.” Item 8 provides that where any share is due a minor, the executors are authorized “in their joint discretion” to pay the minor’s share to the person who stands in loco parentis to the minor.
*916 The general scheme of the will is to convert the property, remaining after the testator’s wife dies, into cash and distribute the proceeds to his children, but this purpose is qualified by repeated indications in the will that the testator intended that his co-executors serve jointly (Item 4), and sell the property in their joint discretion, in parts, parcels or all together at public or private sale, as they may elect (Item 5). And in Item 8, in distributing a share to a minor, their authority to act is limited to their joint discretion.
It is manifest that the testator intended to repose special trust and confidence in the joint discretion of his co-executors. This being so, it follows that he did not intend that his lands be sold at all events. As said in Bartlett,
We can readily conceive, that a testator might be willing to repose a power to sell his real estate at private sale, to the joint judgment of all his executors, when he would not be willing to trust so great a power to the discretion or judgment of a single one. Believing this to be the true construction of this will, we think the sale made by the acting executor was void, and conferred no title on the purchaser. 24 Miss. at 403.
It follows from what has been said that the power of the surviving executor does not survive because of the provisions of the will that the proceeds be distributed to the legatees named therein. This is not such an interest as to override the manifest intention of the testator that any sale be made upon the joint discretion of both executors.
The construction we now place upon this will is not inconsistent with the other provisions of the will being carried out in accordance with the testator’s intention. No reason has been suggested why the executor could not apply to the chancery court and obtain an order of sale so that the proceeds could be distributed as directed by the will. This procedure was suggested as the wise course in Batson v. Humble Oil & Refining Co., supra.
Finally, we hold that the provisions of Code section 91-7-49 do not cause the power to survive. The pertinent' provisions of this section are as follows:
Whenever any last will and testament shall empower and direct the executor as to the sale of property, the payment of debts and legacies, and the management of the estate, the directions of the will shall be followed by the executor, and the provisions herein contained shall not so operate as to require the executor to pursue a different course from that prescribed in the will, if it be lawful. If land be directed by the will to be sold, the sale shall be made and the proper conveyance executed by the executors, or such of them as shall undertake the execution of the will, or by the person appointed by the will to execute the trust. If the executor fail to qualify or die before he execute the will, and if the person appointed fail to execute the trust, the sale shall be made by the administrator with the will annexed.
This statute has been considered by the Court in several cases. In Bartlett, the Court noted that this statute is similar to one passed in England in the reign of Henry VIII in order to obviate inconveniences which were found to result from the strict rule of the common law which required the power of sale to be executed by all when the power was given by the will to two or more persons as executors.
In Ex Parte White, supra, the Court stated:
The controlling question in each case is to arrive at the intention of the testator. It would have been an easy matter in the present case for the testator to have conferred the power upon the survivor by the express terms of the will itself. If he had directed that any of his lands should be sold, then the misfortune of either executor failing to qualify or *917 dying before the execution of the trust would be taken care of by our statute. If there is to be a sale of real estate at all events, then the statute sees to it that the purposes of the testator are not thwarted by misfortune or accident. But if there is to be no sale at all events, but only at the discretion of the two persons named as executors, then it is safe to require that this discretion be exercised jointly. 118 Miss. at 29, 78 So. at 951.
For the reasons stated herein, the final decree in this cause dated October 11, 1974, is reversed and judgment entered here for the appellants setting aside the deed from Louis Carson as executor to Larry C. Godfrey and his wife, Anne B. Godfrey, dated January 11, 1974, and from Louis Carson as executor to Lindsey E. Carson and his wife, Thelma B. Carson, dated February 28, 1974.
REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.