# Marks *v.* Tarver *et al.*

## *Ejectment.*

1. *A power granted by a testator must be executed by all the donees.*—If a testator confers upon several persons jointly a power to do any act, it can not be well exercised if, from any cause, one or more of the donees fail to join in its execution.

2. *A power resting on personal confidence can not be extended beyond its terms.*—A power resting on personal confidence in the donee, can not be extended beyond its express terms and the clear intention of the testator.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

Mildred L. Tarver, Sarah A. Boyd, a married woman, Hickson F. Tarver, and Francis M. Tarver, a minor, by his next friend, Mildred L. Tarver, brought suit in the Circuit Court of Montgomery county against Mary Marks, to recover a lot of land situated in the city of Montgomery. The de-

[Marks v. Tarver.]

fendant for answer to the complaint pleaded the general issue, and suggested "that she and those whose possession she has, for three years next before the commencement of this suit, had adverse possession of the premises, to recover which this suit is brought, and have made permanent improvements thereon."

On the trial, it was proven by the plaintiffs that Benjamin F. Tarver, a resident citizen of Montgomery, "died in November, 1861, seised and possessed of the land" in controversy. He "left eight children surviving him, who are his heirs-at-law, and are still living; and the plaintiffs are four of his children. All of the plaintiffs, except "Mildred L. Tarver, were minors at the time of the death of said Benjamin F. Tarver; and Francis M. Tarver is still a minor." The evidence also showed that the defendant was in the occupation, control and enjoyment of the said lot of land sued for.

The defendant offered in evidence the last will and testament of the said Benjamin F. Tarver, and proved that Britton C. Tarver, and A. B. McWhorter, two of the persons named as executors, duly certified as such, and letters testamen'a·y on the said estate were granted and issued to them on the 18th day of November, 1861, by the Probate Court of Montgomery.

The defendant introduced evidence showing that the said Britton C. Tarver and A. B. McWhorter, as executors of the will of said Benjamin F. Tarver, in consideration of the sum of eignt thousand dollars, sold and conveyed the premises in controversy to Loeb Marks on the third day of June, 1863. It was also proven that the said Loeb Marks died in 1869, and the defendant, as his widow, had adverse possession for more than three years before the commencement of the suit; and that she had made valuable, permanent improvements on the premises.

The plaintiffs then proved that Ellen E. McWhorter, who was named as executrix of the said will, never qualified as such until the 11th day of July, 1863.

Among other provisions, the said will contained the following, viz.: "If there should exist a deficiency of cash or money to make the above discretionary allowance of ten thousand dollars to each one requiring the same, then, and in that event, I will and direct that my executors sell either the whole or a part of my real estate as shall be most for the interest of my estate, to meet the demands of the allowance or distribution," &c.

This was all the evidence in the case. The court, "at the

[Marks v. Tarver.]

written request of the plaintiffs, charged the jury that if they believed the evidence, the plaintiffs were entitled to recover." To this charge the defendant excepted.

DAVID CLOPTON, for appellant.

RICE, JONES & WILEY, for appellee.

BRICKELL, C. J.—The only fact which can be supposed to distinguish this case from that of *Tarver v. Haines,* 55 Ala. 503, is, that the sale and conveyance of the lands, was made by the two executors of the will of Benjamin F. Tarver, who had qualified—the executrix qualifying subsequently. In the case referred to, we decided that the statute, Revised Code, § 1609, forming section 2218 of the Code of 1876, had no application to, and did not affect a discretionary power of sale, conferred on executors as a matter of personal trust and confidence. That by the will of Benjamin F. Tarver, there was no devise of the lands to his executors to sell, nor was there a naked power of sale conferred on them. The power conferred was discretionary, resting in the trust and confidence the testator reposed in the executors and executrix collectively; and was incapable of being exercised by the executor continuing to act, after the resignation of his co-executor and the executrix. The whole theory of the decision, and the reasoning on which it depends, is, that a power resting on personal confidence in the donee, can not be extended beyond its express words, and the clear intention of the testator. If the trust and confidence is reposed in several, and the power conferred on them jointly, without doing violence to the terms of its creation, and the intention of the testator, it can be exercised only by all the donees. The power is not well exercised, if from any cause, one or more of the donees does not join in its execution. It is not material from what cause the failure to join originates. The neglect or refusal of the executrix to qualify, rendered the power as incapable of exercise, as did her subsequent resignation in the case to which we have referred.

Affirmed.