# Robinson v. Allison.

*Statutory Action in nature of Ejectment.*

1. *Testamentary power to executors to sell lands; how exercised, at com-
mon law.*—At common law, a naked power to sell lands, or to do any
other act, given by will to persons named as executors, could only be ex-
ercised by the joint act of all, and did not survive; but, if the power was
coupled with an interest, it was capable of execution by the executors
who qualified, or the survivor of them; and if a power of sale was given

[Robinson v. Allison.]

to executors as such, and not *nominatim*, it might be exercised by the qualifying or surviving executor, unless the will expressly pointed to a joint execution.   If there was a devise to executors by name, with directions to sell, the descent to the heir was intercepted, the title passed to the donees, coupling an interest with the power, and the power might be exercised by the executors who qualified; or the survivor of them; but, under a devise that executors should sell lands, the descent to the heir was not intercepted, no estate passed to the executors, and the naked power of sale conferred on them could only be exercised by the joint act of all.

2.   *Same ; under statutory provisions.*—To obviate the inconveniences found to result from these common-law rules, it is now provided by statute that, when lands are devised to several executors to sell, or a naked power of sale is given to them by will, the power may be exercised by those who qualify or are acting, the survivor or survivors of them (Code, § 2218) ; and in determining whether a power is naked (incapable of other than a joint execution), or may be executed by the qualified, acting or surviving executors, the intention of the testator, as collected from the whole will, must control, the power being construed with greater or less latitude with reference to that intent.

3.   *Same ; in this case.*—Where the testator appointed his widow, his son and his son-in-law as executors of his will, made a specific devise and bequest to his widow, devised and bequeathed all the residue of his estate to his wdow and children, and added a clause in these words : "My youngest child having heretofore attained the age of twenty-one years, I do not desire that my estate, or any part of it, should be kept together any longer than may be necessary for a convenient and equitable division.   I authorize my executrix and executors to sell any part of my estate, directed to be divided among my wife and children, if it be found necessary to effect an equitable division ; and such sales may be made at either public or private sale, and upon such terms as my executrix and executors may deem most advantageous to the devisees and legatees thereof ; good security being required of the purchasers for all deferred payments, and if lands be sold, liens to be reserved on the lands sold, to be conveyed to the purchaser by my executrix and executors, or such of them as may be in office as such."   *Held*, that the will conferred a discretionary power to sell, which could only be executed by the joint act and concurrence of the executrix and executors, and could not be exercised by the sole executor who qualified.-

APPEAL from the Circuit Court of Madison.

Heard before the Hon. H. C. SPEAKE.

This action was brought by Walter B. Robinson, against Martha Allison, to recover the possession of a certain lot or parcel of land in Huntsville, with damages for its detention ; and was commenced on the 10th August, 1880.   The defendant pleaded not guilty, the statute of limitations of ten years, and the erection of valuable improvements under adverse possession for more than three years ; and the cause was tried on issue joined on these pleas.   The plaintiff claimed the land under a conveyance executed to him by John O. Robinson, as the executor of the last will and testament of James B. Robinson deceased ; and for the purpose of showing the said executor's power to sell and convey, he offered in evidence the last will and testament of said James B. Robinson, with the proof of its probate, and the grant of letters testamentary to said John O.

[Robinson v. Allison.]

Robinson, one of the persons therein named as executors. On motion of the defendant, the court excluded the will as evidence, holding that the power of sale conferred by it on the persons named as executors could not be exercised by said John O. Robinson alone, although he alone qualified as executor. This ruling of the court, to which the plaintiff excepted, and in consequence of which he was compelled to take a nonsuit, is now assigned as error.

JNO. D. BRANDON, for appellant.—The distinction between a devise to executors to sell, and a naked power of sale, is abolished by statute.—Code, § 2128. The effect of this statutory provision is to authorize the execution of a testamentary power of sale by the sole acting or surviving executor, or by an administrator with the will annexed, in all cases, except where a personal trust and confidence is reposed in the persons named as executors. Under the provisions of the will in this case, a sale was authorized, if necessary to effect an equitable division; and a sale for that purpose might have been asked by an administrator, if the will had contained no such provision. That the will creates a naked power,. and does not repose a personal trust and confidence, to be exercised or not at the discretion of the persons named, see *Johnson v. Bowden*, 37 Texas, 621; *Morgan v. Galloway*, 1 Ohio, 104; *Evans v. Chew*, 71 Penn. 47; *Larned v. Bridge*, 17 Pick. 339; *Chandler v. Rider*, 102 Mass. 268; *Osgood v Franklin*, 2 John. Ch. 17; Caines' Cases, 1–19; *Franklin v. Osgood*, 14 John. 553; *Woolridge v. Watkins*, 3 Bibb, 350; *Taylor v. Benham*, 5 Howard, 233: *Foxworth v. White*, 72 Ala. 224; 2 Wms. Ex'rs, 859; *Clarke v. Parker*, 19 Vesey, 1; *Wells v. Lewis*, 4 Metc. Ky. 269.

HUMES, GORDON & SHEFFEY, *contra*, cited *Anderson v. McGowan*, 42 Ala. 285; *Tarver v. Haines*, 55 Ala. 503; *Perkins v. Lewis*, 41 Ala. 649; *Ex parte Dickson*, 64 Ala. 192.

BRICKELL, C. J.—This was a statutory real action for the recovery of possession of a house and lot situated in the city of Huntsville, in which the appellant was plaintiff, and the appellee defendant. The appellant claimed title from a sale and conveyance made to him by John O. Robinson, as executor of the last will and testament of James B. Robinson, deceased, without the order or decree authorizing it, of any court having jurisdiction. The will of said James B. bears date June 16th, 1876, and after his death was duly admitted to probate, on the 2d day of December, 1877. By the first item or clause thereof, specific devises of real estate and bequests of personal property are made to his widow. By the second item, the rest and resi-

[Robinson v. Allison.]

due of his estate, not required for the payment of debts, or for the expenses of administration, is devised and bequeathed to his widow and children, the children being required to account for advancements made to them. The fourth item of the will is in these words: "My youngest child having heretofore attained the age of twenty-one years, I do not desire that my estate, or any part of it, shall be kept together any longer than may be necessary for a convenient and equitable division. I authorize my executrix and executors to sell any part of my estate, directed to be divided amongst my wife and children, if it be found necessary to effect an equitable division; and such sales may be made at either public or private sale, and upon such terms as my executrix and executors may deem most advantageous to the devisees and legatees thereof; good security being required of the purchasers for all deferred payments, and if lands be sold, liens to be reserved on the lands sold, to be conveyed to the purchaser by my executrix and executors, or such of them as may be in office as such." By the seventh item, the testator nominated and appointed his wife, Frances T., his son John O., and his son-in-law, Jesse B. Shivers, as executrix and executors of the will. The said John O. alone qualified as executor; and it was in execution of the power contained in the fourth item, that he made to the appellant the sale and conveyance of the premises in controversy.

The case has been argued by counsel, and we shall so consider it, as presenting no other question than whether the executor qualifying could alone execute the power to sell lands, which is conferred by the fourth item of the testator's will upon the executrix and executors thereinafter nominated and appointed.

1. It is clear that, at common law, a naked power given to persons named as executors, to sell lands, or to do any other act, would not survive; nor could it be executed, unless the persons upon whom it was conferred joined in the execution. But, if there was a power of sale, coupled with an interest, the power was capable of execution by surviving executors, or by such of them as qualified. Or, if there was a power of sale given to executors, "*qua* executors, and not *nominatim*," and the will did not expressly point to a joint execution, the power could rightfully be exercised by such as qualified, or by the surviving executors. Or, if there was a devise of lands to executors by name, with directions to sell, the descent to the heir was interrupted, and the freehold passed to the donee, coupling an interest with the power; and it was capable of execution by surviving executors, or by such as accepted the executorial duties and trusts. But a mere devise that executors should sell lands did not interrupt the descent to the heir,

17

[Robinson v. Allison.]

nor pass any estate to the executors. It was but a naked power of sale, and the co-operation of all was necessary to satisfy its express terms.—*Lucas v. Price*, 4 Ala. 679 ; *Patton v. Crow*, 26 Ala. 431; *Anderson v. McGowan*, 42 Ala. 285; *Tarver v. Haines*, 55 Ala. 503 ; *Mitchell v. Spence*, 62 Ala. 650.

2. To obviate inconveniences which were found to result from the strict rules of the common law on this subject, was the purpose of the statute, which declares that, where a naked power is by will given to executors, the survivor of them, or such as may qualify, or an administrator with the will annexed, may execute the power.—Code of 1876, § 2218. The statute, by its terms, is confined in operation to two classes of cases ; the first is a devise of lands to the executors, with directions to sell ; and the other is to a naked power of sale. In determining whether a power is a naked power, incapable of any other than a joint éxecution, or whether it may be executed by surviving executors, or by the executors qualifying, the intention of the testator, as it may be collected from the terms of the will, must control. In reference to that intent, the power is construed with greater or less latitude.—*Franklin v. Osgood*, 2 Johns. Ch. 1.

3. Looking at the whole will, the purposes for which the power of sale is conferred, the form and language in which it is expressed, the conclusion that the testator intended a discretionary power, in the exercise of which there should be the concurrence of the executrix and executors, seems irresistible. There is not an absolute and unqualified devise that there shall be a sale of the land. The sale is to be made only in the event it is " found necessary in order to effect an equitable division." And it is to be made publicly or privately, " upon such terms as my executrix and executors may deem most advantageous to the devisees and legatees thereof." Whether a necessity for a sale existed, it is manifest, is dependent upon the judgment and discretion of the executrix and executors— upon their ascertainment and determination of the fact, whether without it an equitable division could be effected amongst the legatees and devisees. And if it shall be determined that there shall be a sale, the terms of sale, and whether it shall be made publicly or privately, is committed to their judgment and discretion. If the sale is upon credit, a lien upon the lands for the payment of the purchase-money is to be reserved ; and when the purchase-money is paid in full, the land is " to be conveyed to the purchaser by my executrix and executors, or such of them as may be in office as such." Thus, the testator distinguished between the sale and the conveyance of the lands. The sale is to be made by all—by the executrix and executors; but the conveyance may be executed by such of

them as may be in office when the time for its making occurs.

The rule is clear and indisputable, that when a power to sell lands, or to do any other act, is conferred upon two or more persons, whether by name, or as executors, and it is dependent upon their judgment or discretion whether the act shall be done or not, the power conferred is a special trust or confidence; its exercise is a matter for the judgment or discretion of all, and without the concurrence of all the power cannot be exercised. *Woolridge v. Watkins*, 3 Bibb, 349; *Tarver v. Haines*, 55 Ala. 502.

It is not difficult to conceive that the testator was willing to repose in the executrix, his wife, the executors, his son and his son-in-law, the power to determine whether a sale of lands was necessary to effect a division amongst his devisees, the mode and terms of sale, and yet unwilling to intrust so great a power to either of them solely. Their joint and concurring judgment and discretion he may have deemed the best assurance that the power would be justly and wisely exercised, and exercised only in the contingency expressed. That he contemplated the sale should be the joint act, the concurrence of the judgment of all, is apparent, when the last clause of the item of the will conferring the power is read, which distinguishes between the sale and the conveyance, expressly authorizing such of the executors as were in office to make the conveyance, and not conferring power upon them to make the sale. Taking this to be the true construction of the will, the sale by the acting executor was unauthorized and void, conferring no title upon the appellant.

The judgment is affirmed.