# Carter, *et al. v.* Couch.

## *Ejectment.*

(Decided Dec. 15, 1908. 47 South. 1006.)

1. *Wills; Construction; Estates Devised.*—Where land is devised to one to have and to hold to her and to the heirs of her body and providing that if she should die without issue surviving, then to her heirs at law, is a fee tail estate, which section 1021, Code 1896, raises to a fee absolute; and the limitation as to her death without issue surviving creates a determinate fee, which on her death without issue surviving, passes the fee to her heirs.

2. *Curtesy; Estates Subject to.*—Where the wife takes a determinate fee the surviving husband is entitled to curtesy.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by Pink Carter, et al., claiming as the heirs at law of Elizabeth Couch, nee Carter, against William Couch, claiming by curtesy as the husband of Elizabeth Couch. Judgment for defendant and plaintiffs appeal. Affirmed.

JOHN A. LUSK, for appellant. The clause, called clause B, in the will is a contingent executory devise.— *Rosenau v. Childress,* 111 Ala. 214. It is not void for

[Carter, et al. v. Couch.]

remoteness or uncertainty.—*McRea v. Means,* 34 Ala. 349; *Rosenau v. Childress, supra.* There can be no estate by curtesy under the conditions here prevailing. —3 Tiedman Real Property, Sec. 75-84; 1 Tiffany Real Property, pp. 486, 491.

STREET & ISBELL, for appellee. Hughes could not recover, so none of the plaintiffs could.—*Oates v. Beckwith,* 112 Ala. 359; *Whitlow v. Echols,* 78 Ala. 206. Mrs. Couch took an absolute fee.—*Holt v. Pickett,* 111 Ala. 362; *Mason v. Pate,* 34 Ala. 390; *Wilson v. Alston,* 122 Ala. 635; *Smith v. Greer,* 88 Ala. 114; *Slayton v. Blount.* 93 Ala. 575; 4 Kent Com. Sec. 506; 3 Washburn Real Property, pp. 414, 699; 30 A. & E. Ency. Law, p 699, and notes. She at least took a base or qualified fee. 24 Amer. & Eng. Ency. Law, p. 431; Ib. pp. 751, 753 and notes. The husband was entitled to curtesy.— *Webb v. First Church,* 90 Ky. 117; 8 Cyc. 101 and notes; 8 A. & E. Ency. Law, 519 and notes; 11 Ib. 374.

McCLELLAN, J.—Charles Carter's will contains this clause, called "clause B" hereinafter, omitting the description of the lands described. "I hereby will and bequeath to my daughter Elizabeth Couch, * * * to have and to hold to her and to the heirs of her body, but should she die without issue surviving, the said tract of land shall go to the heirs at law of the said Elizabeth H. Couch." The legal effect of the devise by clause B to Mrs. Couch and to the heirs of her body was to create a fee tail, which under our statute (Code 1896, § 1021) was raised to an absolute fee. The devise was clearly the paramount intent of the testator, as expressed in clause B. The succeeding limitation, based upon her death without issue surviving, is pendent upon the superior estate created in Mrs. Couch, and debased it upon the defined contingency happening. The result

was the creation of a determinate fee in the land, which upon the happening of a definite event, viz., her death without issue surviving, invested that fee in the heirs at law of Mrs. Couch. 24 Am. & Eng. Ency. Law, pp. 431, 432, and authorities in notes; 16 Cyc. pp. 602, 603, and notes; 30 Am. & Eng. Ency. Law, p. 751 et seq., and notes.

The theory of counsel for appellant, that a life estate was the estate devised to Mrs. Couch, cannot be approved, because, and if so, the plainest expression of the creation of a fee tail estate, enhanced by statute into an absolute fee, would be thereby wholly ignored, without anything in the instrument to justify such an interpretation. The limitation, that in default of issue surviving the heirs at law of Mrs. Couch should take, is not only not inconsistent with the view that a debased fee was created by the terms of the whole clause, but is repugnant to an interpretation that would distort a clear creation of an estate in fee tail into a mere life estate. The argument for a construction of clause B creative of a life estate is necessarily predicated upon the provision therein with respect to the death of Mrs. Couch. The provision is referable only to a description of an event, not, abstractly speaking, a limitation of an estate, upon which the existence vel non of the defined contingency shall be ascertained, and upon the ascertainment of the happening of which the heirs at law shall take.

Mrs. Couch died without issue surviving her, but issue was born alive to her. Her husband, William Couch, appellee, continued in the possession of the premises; and the heirs at law instituted this action of ejectment, which he defends upon the idea that under the doctrine of curtesy he is entitled to the possession and enjoyment of the lands during his life. The status being as we have defined it, viz., that Mrs. Couch took a deter-

[Harwell, et al. v. Zimmerman.]

minate fee in the lands in controversy, the second question then is: Is the surviving husband entitled to curtesy out of such estate? The question has been often answered in the affirmative, and never in the negative so far as we are now advised, and it will suffice to set down some only of the numerous authorities so holding: *Webb v. First Church,* 90 Ky. 117, 13 S. W. 362; *Hatfield v. Sneden,* 54 N. Y. 280; *McMaster v. Negley,* 152 Pa. 303, 25 Atl. 641; *Taliaferro v. Burwell,* 4 Call (Va.) 321; 2 Coke's Litt. p. 241a, note; 12 Cyc. p. 1012; *Withers v. Jenkins,* 14 S. C. 597.

The court below, therefore, correctly gave the affirmative charge for and at the request of the defendant; and its judgment is affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.