(128 So. 149)

**BRALEY v. SPRAGINS et al.**

8 Div. 153.

Supreme Court of Alabama.

April 17, 1930.

152

Watts & White and Robert E. Spragins, all of Huntsville, for appellees.

**THOMAS, J.**

The cause is for decree of construction of the will of Ellen Weaver, deceased, for partition according to the construction as affecting the declared interests of the respective parties in said real property described. The trial court has aptly observed and held that the bill, if it may be maintained, was not multifarious, and "has for its ultimate purpose the partition of specific property; and how that property shall be divided or partitioned—what share or interest each party to the suit has—is dependent upon the proper legal construction of that will.

R. C. Brickell, E. D. Johnston, and Douglass Taylor, all of Huntsville, for appellant.

The nature and character and extent of the relief granted, by way of partition, is dependent upon the construction of the will, and the allegations of the bill are pertinent and relevant. There is no such mingling of separate and separable matters, no such inconsistency in averments of facts as bases of relief, or in prayers for relief, as to make the Bill multifarious." Dent v. Foy, 204 Ala. 404, 85 So. 709; Lowery v. May, 213 Ala. 66, 76, 104 So. 5; Ford v. Boarders, 200 Ala. 70, 75 So. 398; Wilson v. Henderson, 200 Ala. 187, 75 So. 935; sections 6526, 9333, 9334, Code. "All parties to the Bill as amended are proper, if not necessary parties. Whatever interest Georgia May Harris may have acquired by the will of Ellen L. Weaver, whether a vested remainder, or a contingent remainder, she has effectually conveyed to Spragins and White, as Trustees, 'to manage and control for the use and benefit of the said Georgia May Harris,' so that they have an interest in the subject matter and have a right to know, from a construction of the will which they invite, what is that interest or estate of Georgia May Harris which they are to manage and control. So, too, Lula H. Glant, being mentioned in the Weaver will as interested in this property, as survivor of Mrs. Braley, as tenant for life, with a power of disposition, has an interest in the subject-matter of the construction of the will and the proper partition of the property, and in whether or not the deed from Mrs. Braley to her husband was effectual to divest her (Mrs. Glant's) interest. And of course Respondent is interested, because in any event, under the allegations of the bill, he is the owner of a half interest in the property. It is well settled that in suits for partition all parties in interest should be brought before the Court, and that the owners of the various interests should be so represented in Court as that the decree of partition should be effectual and binding on them. Code, Section 9333; Wood v. Barnett, 208 Ala. 295, 94 So. 338; McWhorter v. Cox, 209 Ala. 233, 96 So. 71." See, also, Hodge v. Joy, 207 Ala. 198, 92 So. 171; 47 Corpus Juris, p. 365, § 230, and cases there cited.

"It is clear to the Court that Georgia May Harris would be a proper party to the suit. * * * She is certainly interested in the construction of the will, and she either has a vested remainder interest in the property, or an interest contingent on whether Mrs. Braley has effectually exercised the power of disposition given to her, and contingent on whether Mrs. Glant will, during her lifetime, exercise the power of disposition given to her. But whatever that interest is, she has conveyed it to Spragins and White as Trustees, to manage and control for her use and benefit; thus placing in them the legal title to her interest. (47 Corpus Juris, p. 345, § 185)"—was the observation of the trial court.

Is it necessary, then, that her admitted equitable interest before the court be represented by her; or may not her trustees be relied on to protect her interest?

■■ Is it apparent that all necessary parties in interest are before the court? It is apparent that all parties before the court are proper parties. As to necessary parties, it is declared generally that when a suit is by a trustee for the recovery of trust property, or to reduce it to possession, *and it in no wise affects his relations with* his cestui que trust, the latter need not be made a party. Section 5707, Code; Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903; Teal v. Pleasant Grove Union, 200 Ala. 23, 75 So. 335; Lebeck v. Fort Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am. St. Rep. 51; Carey v. Brown, 92 U. S. 171, 23 L. Ed. 469. The general rule is that in suits respecting and affecting the trust property, brought by or against the trustee, the cestui que trust, as well as the trustee, is a necessary party. See, also, 1 Daniell Ch. Pl. & Pr. (4th Ed.) p. 257; 47 C. J. 369; Modern Equity Proc. § 70, p. 884.

In Chattanooga Savings Bank v. Crawford, 206 Ala. 530, 91 So. 316, there is adherence to the established rule that in a court of law the trustee is regarded as the owner of the trust property and therein and thereby represents his cestui que trust; but in equity the cestui que trust is regarded as the owner and is a necessary party in suits affecting the trust estate. This is the rule followed in Town of Carbon Hill v. Marks, 204 Ala. 622, 86 So. 903, under the authority of Lebeck v. Fort Payne Bank, supra.

■ And in Carey v. Brown, 92 U. S. 171, 172, 23 L. Ed. 469, Mr. Justice Swayne observed of the rule and its exceptions: "The general rule is, that in suits respecting trust-property, brought either by or against the trustees, the cestuis que trust as well as the trustees are necessary parties. Story's Eq. Pl., sect. 207. To this rule there are several exceptions. One of them is, that where the suit is brought by the trustee to recover the trust-property or to reduce it to possession, and in no wise affects his relation with his cestuis que trust, it is unnecessary to make the latter parties. Horsley v. Fawcett, 11 Beav. 569, was a case of this kind. The objection taken here was taken there. The Master of the Rolls said, 'If the object of the bill were to recover the fund with a view to its administration by the court, the parties interested must be represented. But it merely seeks to recover the trust-moneys, so as to enable the trustee hereafter to distribute them agreeably to the trusts declared. It is, therefore, unnecessary to bring before the court the parties beneficially interested.' Such is now the settled rule of equity pleading and practice. Adams v. Bradley, 12 Mich. 346; Ashton v. Bank, 3 Allen [Mass.] 217;

Boyden v. Partridge, 2 Gray [Mass.] 191; Swift v. Stebbins, 4 Stew. & P. [Ala.] 447; Association, etc., v. Beekman, 21 Barb. [N. Y.] 565; Alexander v. Cana, 1 De G. & Sm. Ch. 415; Potts v. The Thames Haven and Dock Co., 7 Eng. Law & Eq. 262; Story v. Livingston, 13 Pet. 359. Where the want of parties appears on the face of the bill, the objection may be taken by demurrer. Where it does not so appear, it must be made by plea or answer."

A question raised by the demurrer is whether Georgia May Harris is a necessary party. The demurrer indicates her absence in the pleading, and maintains that under the averred facts she is a necessary party. Hall v. Holly (Ala. Sup.) 127 So. 164;[1] Nelson v. Wadsworth, 171 Ala. 603, 55 So. 120; Chambers v. Wright, 52 Ala. 444. Demurrer to the bill was overruled; hence this appeal.

The case made by the bill, briefly stated, is: Miss Ellen Weaver, who died January 1, 1915, owned at the time of her death a one-half undivided interest in the real estate situated in the city of Huntsville, which is the subject of this suit and specifically described in the bill; the other one-half interest being owned by her sister, Ida W. Braley. Miss Ellen L. Weaver died testate and her will was duly probated, by which she devised her said interest in the property to her two sisters, Lula H. Glant, one of the complainants (referred to in the will as Lula Weaver Johnson), and Ida Braley (referred to in the will as Ida Weaver Williams), for life. And the will further provided that upon the death of either sister, the other should take the interest of the deceased sister, and at the death of the last survivor, the property should go to Miss Weaver's niece, Georgia May Harris; provided that the life tenants, sisters of Miss Weaver, were given full power of disposition during the time of their lives. The pertinent provisions of that will are:

"2. I give, devise and bequeath to my sisters, Ida Weaver Williams and Lula Weaver Johnson, equally, share and share alike, all property, real, personal or mixed of which I may die seized and possessed, to have and to hold during the term of their natural lives, and upon the death of either, the survivor is to take the share of her deceased sister.

"3. Upon the death of both of my said sisters named in the last preceding item of this my will, then such part of my property, real, personal or mixed, as they may not have disposed of during their lives, I give, devise and bequeath to my niece, Georgia May Harris, but my sisters, Ida Weaver Williams and Lula Weaver Johnson are vested with full power of disposition over said property during the time of their lives."

As to the rights of Mrs. Glant (and those

formerly of Mrs. Braley, deceased), it is averred: "Complainants are advised that by said will, the two sisters of testatrix, referred to as Ida Weaver Williams and Lula Weaver Johnson, each took a one-fourth interest in said property for life, with a vested remainder to the survivor of them, and that Georgia May Harris, at the death of the last survivor took a vested remainder interest of the one-half interest devised by said testatrix, said remainder to Georgia May Harris created by said will being subject to be defeated by a disposition during the life time of the life tenants, in accordance with the power of disposition contained in said will."

Georgia May Harris thereafter conveyed to complainants, Robert E. Spragins and Addison White, as trustees, her interest in the property, to manage and control for her use and benefit. The conveyance reads:

"Know all men by these presents: That for and in consideration of the sum of One Dollar this day cash in hand paid to the undersigned Georgia May Harris an unmarried woman, by Robert E. Spragins and Addison White, receipt whereof is hereby acknowledged, I, the said Georgia May Harris, do hereby give, grant, bargain, sell and convey unto the said Robert E. Spragins and Addison White as trustees for Georgia May Harris, all my right, title, interest and claim in and to the following described real estate to-wit:" (setting out the description).

"To have and to hold unto said trustees *to manage and control for the use and benefit of the* said Georgia May Harris and unto their successors and assigns forever.

"In Witness Whereof I, the said Georgia May Harris do hereunto set my hand and seal on this the 8th day of March, 1929.
 "Georgia May Harris [Seal]."
[Italics supplied.]

It is averred that said remainder is now being held by them in trust for said Georgia May Harris.

After the death of testatrix Weaver, the sister referred to in the will as Ida Weaver Williams married respondent Braley; and the other sister, Lula Weaver Johnson, married Mr. Glant. On October 17, 1928, Mrs. Braley, who at that time owned one-half interest in said property in addition to the interest devised to her by testatrix, Ellen L. Weaver, undertook by a written instrument to convey to her husband, Joseph M. Braley, the respondent, the interest devised to her under the will of Miss Weaver, for a consideration of one dollar and love and affection; and in said instrument she expressly declared that she did not convey to him any part of the half interest in the property which she owned at the time of Miss Weaver's death, and at the time of the conveyance to her husband. It is recited in that conveyance that: "It is the expressed will and wish of

[1] 220 Ala. 597.

grantor to convey herein that undivided one-fourth interest which vested in her the said grantor herein by bequest from her sister Ellen L. Weaver, deceased, by said deceased sister's will filed for record in the office of the Judge of Probate of Madison County, Alabama, recorded in volume of wills No. 4, page 193, and it is not the will or intent of grantor to convey herein any part or portion of that undivided one-half interest in the said following described real estate which she, said grantor owned, prior to the death of her said sister, Ellen L. Weaver, and the bequest under the letters said will."

Mrs. Braley died less than four months thereafter, on, to wit, February 11, 1929, leaving a will by which she devised to her husband (appellant) the half interest in the property which she originally owned prior to Ellen Weaver's death. It is averred as to the conveyance of October 17, 1928, that: "* * * Ida W. Braley undertook to make a gift to her said husband, upon a recited consideration of one dollar and love and affection, of the fee simple title to the one-fourth interest in said property devised to her for life by Ellen L. Weaver, and that said one-fourth interest in said property was at the time of conveyance, and now is of considerable value, being worth several thousand dollars. Complainants are advised that said conveyance, if valid at all, was effective only as a conveyance to the Respondent of a one-fourth interest in said property for the life of Ida W. Braley, and was ineffective as an exercise of the power of disposition conferred upon the said Ida W. Braley and Lula H. Glant by the last will and testament of Ellen L. Weaver, and that at the death of the said Ida W. Braley, said one-fourth interest in said property was vested in the said Lula H. Glant for life, with remainder in said trustees for Georgia May Harris, subject to the power conferred upon the said Lula H. Glant by the will of Ellen L. Weaver, to make disposition of same during her lifetime."

Appellees concede that appellant Braley owns the half undivided interest in the property devised to him by his wife, and the bill alleges that he is also claiming a fourth interest in the property as grantee in the conveyance from his wife, made on October 17, 1928, and claiming that devised by Miss Weaver to said wife.

The question is whether this interest is owned by appellant, as grantee of his wife, or whether it belongs to Lula H. Glant and Georgia May Harris under the will of Miss Weaver; hence the necessity for construction under the ambiguous terms employed. Hoglan v. Moore, 219 Ala. 497, 122 So. 824, 827. Georgia May Harris is not a party to the suit, and the fact of or the quantum of her interest is involved. Her interest is represented by Robert E. Spragins and Addison White, as the trustees to whom she deeded her interest in trust for herself, and who join as complainants with Mrs. Glant. As stated, the bill seeks a partition of the property among the tenants in common, and to that end and ascertainment of the interests, respectively prays for a construction of the will of Miss Weaver and of the effect of the alleged conveyance from Mrs. Braley to appellant, Joseph M. Braley. It also prays for an allowance as solicitors' fees for their services rendered in the cause, for the common benefit of all the parties in interest.

Applying the rules that obtain in this case, as to necessary parties, the trustees for Georgia May Harris had the authority to maintain the bill to the end that their duty, right, title, and interest of the cestui que trust in the property be ascertained and defined; this is necessary to the exercise and discharge of the trust imposed, that of management and control for the "use and benefit of the said Georgia May Harris." This is not saying that this gave the right, as to said interest, to partition it from that of Mrs. Glant.

It is certain there was error in overruling demurrer suggesting the absence of Georgia May Harris as a party, under the meager power of the trust deed and her interest as provided under the will; an interest, if it exists, to every part of the common property. And to delimit that interest, as is sought and which would be the result of partition, or to change its character and kind, the result of a sale for division could not be effected with her absence as a party to the record; and the decree rendered would not be binding. Chattanooga Savings Bank v. Crawford, 206 Ala. 530, 91 So. 316; Curlee v. Scott, 207 Ala. 478, 93 So. 393; Lebeck v. Fort Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am. St. Rep. 51.

■■ If Mrs. Glant and Georgia May Harris had not the right of partition between themselves of the half interest devised by Miss Weaver—to do so being a violation of the terms of that will, and such we hold to be the case. Had they the right of partition or division as against the respondent Mrs. Braley's devisee? The latter had an undivided half interest in fee, and Mrs. Glant and Georgia May Harris the other half interest under Miss Weaver's will. As against Mrs. Glant and Georgia May Harris, Mr. Braley had the right of partition or division of the common property; and so of Mrs. Glant and Georgia May Harris, that right of partition of the common property in halves, and not in quarters, as devisees of Miss Weaver. The respective equities, if such there are, of the holders of the undivided half interests, may be adjusted, between Braley on the one hand, and Mrs. Glant and Georgia May Harris on the other. Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Sandlin v. Anders, 210 Ala. 396,

98 So. 299. Such is the legal effect of the pleading challenged by demurrer.

It is necessary that we construe the will to ascertain the interest of Mrs. Glant and that of Georgia May Harris, and as affected, if at all, by. the deed of Mrs. Braley to her husband, the respondent.

■ Item 2 gave joint life estates to the sisters with a continuing life estate to the survivor; and item 3 declares: (1) That upon the death of both of said sisters then such part of testatrix's property undisposed "of during their lives" (the lives of the sisters) should vest in Georgia May Harris; (2) and the sisters named were "vested with (the) *full power of disposition* over said property *during the time of their lives.*" [Italics supplied.] This was a discretion of a joint power of disposition with which they were vested. The one live tenant could not, during the life of the other, convey or pass title to their joint use, without the consent and joinder of the other in such conveyance. Mrs. Glant had a remainder for life in the interest of which Mrs. Braley was a life tenant and which the latter sought to convey. The former did not join in the attempted conveyance by Mrs. Braley to the husband (respondent here). In order to execute the power and divest such interest as Mrs. Glant had in the property, her consent and joinder in the conveyance was required by the law of the testamentary instrument and by the law of the land. The question for answer is that of authority, and not so much one of form of the conveyance. It has been held that a power may be executed by a proper conveyance though the fact of execution of power is not recited in the conveyance. Young v. Sheldon, 139 Ala. 444, 36 So. 27, 101 Am. St. Rep. 44; Waller, as Guardian, v. Mastin (Ala. Sup.) 125 So. 806.[1] Under our decisions the effect of Mrs. Braley's conveyance to the husband was merely that to invest the husband with any individual right she may have had in the property as a life tenant, and not the execution of the power under the will; nor was it an attempt to divest the sister, Mrs. Glant, or the niece, Georgia May Harris, of any rights they or either of them had as devisees under the will.

■ The nature or character of title, as between Mrs. Glant and Miss Harris, will be considered. The decisions dealing with the power of disposition or appointment by devisee are well understood, and the authorities recently collected need not be repeated. Powell v. Pearson (Ala. Sup.) 125 So. 39.[2] In Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116, 119, is the observation: "An estate for life with absolute power of disposition passes a fee as to rights of creditors and purchasers, a fee in so far as essential to the exercise of the power itself, but subject to a remainder estate in so far as not exercised. Code, § 6928; Alford v. Alford, 56 Ala. 350; Young v. Sheldon, 139 Ala. 444, 36 So. 27, 101 Am. St. Rep. 44; Cain v. Cain, 127 Ala. 440, 29 So. 846; Hood v. Bramlett, 105 Ala. 660, 17 So. 105. The provision in question deals with both real and personal property."

■ And in Powell v. Pearson, supra, and Farr v. Perkins, 173 Ala. 500, 507, 55 So. 923, the limitation over after the power of appointment or disposition was held an estate upon condition. Horton v. Sledge, 29 Ala. 496; 2 Wash. on Real Prop. (5th Ed.) 590, 591; Carter v. Couch, 157 Ala. 470, 47 So. 1006, 20 L. R. A. (N. S.) 858; Powell v. Pearson (Ala. Sup.) 125 So. 39, 48.[2] At common law, executory devises or executory remainders are transmissible to the heirs of the party to whom they are limited, if he chances to die before the happening of the contingency that defeats. Powell v. Pearson, supra, 125 So. 48;[2] Black Law Dict. "Executory," p. 456.

Pertinent cases as to such remainders are Alford's Adm'r v. Alford's Adm'r, 56 Ala. 350; Hood v. Bramlett, 105 Ala. 660, 17 So. 105; Young v. Sheldon, Adm'r, 139 Ala. 444, 36 So. 27, 101 Am. St. Rep. 44; Cain v. Cain, 127 Ala. 440, 29 So. 846. And section 6902 of the Code declares that a contingent remainder is the equivalent to an executory devise. Pearce v. Pearce, 199 Ala. 491, 496, 74 So. 952; Henderson v. Henderson, 210 Ala. 73, 97 So. 353; Blakeney v. Du Bose, 167 Ala. 627, 52 So. 746; Crawford v. Carlisle, 206 Ala. 379, 384, 89 So. 565.

In Powell v. Pearson (Ala. Sup.) 125 So. 39, 49,[2] Culley v. Elford, 187 Ala. 165, 172, 65 So. 381, is cited with approval, as follows: "The case of Culley v. Elford, 187 Ala. 165, 172, 65 So. 381, 384, considered a will that devised to three daughters for life only, and recited that 'from and immediately after her (daughter's) death, to the issue of her body at the time of her death, to them their asigns and heirs forever. * * * Should either of my daughters die without an heir of her body, it is my will that the property devised to her by this will shall be equally divided between my surviving daughters, but should any of them die leaving heirs of their bodies, such heir or heirs shall take their mother's share to be equally divided among them.' This court said: '* * * She gave a life estate to her daughter with remainder "to the issue of her daughter's body at the time of her death," and then she provided that, should her daughter die without an heir or heirs of her body, meaning lineal descendants, then over; and appellants claim under this last limitation. Their interest is remote and contingent, and may never, probably will never, come into possession; but it is more than a mere hope or expectancy; it has an existing legal foundation in the will, and is an interest for the protection of which

---

[1] 220 Ala. 479. [2] 220 Ala. 247.

the powers of the chancery court may be invoked. 3 Pom. Eq. Jur. § 1286.'"

And in the important decision of Thorington v. Thorington, 111 Ala. 237, 20 So. 407, 36 L. R. A. 385, it is said of remainder that may be affected by a subsequent act, that it is a *vested remainder* in said survivor, subject to be divested by the execution of the power of sale or appointment indicated in the instrument. See Miller v. Wall, 216 Ala. 448, 453, 113 So. 501, and authorities cited; Thorington v. Hall, 111 Ala. 323, 330, 21 So. 335, 56 Am. St. Rep. 54; Smaw v. Young, 109 Ala. 528, 20 So. 370.

 The complainant Mrs. Glant avers in her bill that, "at death of the last survivor," Georgia May Harris "took a vested remainder interest in one half interest devised by * * * testatrix," the remainder to Georgia May Harris "created by said will being subject to be defeated by a disposition during the lifetime of the life tenants, in accordance with the power of disposition contained in the said will." It follows from the terms of the will that Miss Harris' title or interest was more than a mere possibility; it was an interest subject to divestiture by sale as provided in that instrument. It is held by this court that a contingent remainderman or a reversioner may invoke a construction of a will, or maintain a bill for the protection of the property in which, by the will, such party is given an interest, though it be prospective. Nabors v. Woolsey, 174 Ala. 289, 56 So. 533; Gunter v. Townsend, 202 Ala. 160, 164, 79 So. 644; Myrick v. Williamson, 190 Ala. 485, 493, 67 So. 273; Stewart v. Morris, 202 Ala. 113, 79 So. 579; Jemison v. Brasher, 202 Ala. 578, 81 So. 80; Crawford v. Carlisle, 206 Ala. 379, 383, 89 So. 565.

Ground of demurrer No. 10 was overruled, and due assignment of error challenges that action of the trial court; and in this there was error.

 The will is before us for construction, and we should inquire what of the power of disposition by Mrs. Glant after the death of Mrs. Braley, or may she execute after the death of Mrs. Braley? In 36 A. L. R. 835, is the declaration: "Statutes modeled after the English statute (21 Hen. VIII., chap. 4) have been adopted in most of the states with the obvious result of obliterating the common-law distinction between a devise with directions to sell, i. e., a power of sale coupled with an interest, and a mere naked power of sale; under statutes of this character a power of sale, whether it be one coupled with an interest or a naked power, may be exercised by those qualifying, without regard to those who fail or refuse to qualify and act, except, perhaps, when the power of sale is a personal confidence reposed in the discretion of the executors. * * * * Tarver v. Haines (1876) 55 Ala. 507 (see later hearing in Marks v. Tarver (1877) 59 Ala. 335); Robinson v. Allison (1883) 74 Ala. 254." 4 Stat. at Large Hen. VIII., ch. IV, pp. 165–167.

And our statutes, sections 6942, 6943, Code, were enacted for such purpose—that joint power given may be executed by the survivor or survivors in case of death (under section 6943, Code), or by the survivor where there was death of the coexecutor, etc., or by removal by a court of competent authority as to executors or administrators with the will annexed under section 6942, Code. It is then apparent from the will of Miss Weaver, as affected by the statute (section 6943, code), that the right of Miss Harris may be divested or defeated by a proper conveyance by Mrs. Glant. The decisions clearly indicate the nature, extent, or effect of such powers, joint or several, and those conferred where a personal trust and confidence is reposed. Ralls v. Johnson, 200 Ala. 178, 181, 75 So. 926, and authorities collected.

We may advert to some of those earlier leading cases:

In Marks v. Tarver, 59 Ala. 335, it is said of Tarver v. Haines, 55 Ala. 503: "That by the will of Benjamin F. Tarver, there was no devise of the lands to his executors to sell, nor was there a naked power of sale conferred on them. The power conferred was discretionary, resting in the trust and confidence the testator reposed in the executors and executrix collectively; and was incapable of being exercised by the executor continuing to act, after the resignation of his co-executor and the executrix. The whole theory of the decision, and the reasoning on which it depends, is, that a power resting on personal confidence in the donee, cannot be extended beyond its express words, and the clear intention of the testator. If the trust and confidence is reposed in several, and the power conferred on them jointly, without doing violence to the terms of its creation, and the intention of the testator, it can be exercised only by all the donees. The power is not well exercised, if from any cause, one or more of the donees does not join in its execution. It is not material from what cause the failure to join originates." That is to say, if a testator confers upon several persons jointly, discretionary power, it cannot be well exercised if for any cause one or more of the donees fail to join in its execution. Such a power cannot be extended beyond the express terms and clear intention of the testator or author and creator of the trust. In the Marks-Tarver Case the question was the extent of the powers of the executors to sell real estate to meet the demands of allowance or distribution.

Robinson v. Allison, 74 Ala. 254, 258, dealt with section 2218, Code of 1876 (the same in general respects as section 6942, present Code), declaring its purpose to be:

"To obviate inconveniences which were found to result from the strict rules of the common law on this subject, was the purpose of the statute, which declares that, where a naked power is by will given to executors, the survivor of them, or such as may qualify, or an administrator with the will annexed, may execute the power. Code of 1876, § 2218. The statute, by its terms, is confined in operation to two classes of cases; the *first is a devise of lands to the executors, with directions to sell; and the other is to a naked power of sale.* In determining whether a power is a naked power, incapable of any other than a joint execution, or whether it may be executed by surviving executors, or by the executors qualifying, the intention of the testator, as it may be collected from the terms of the will, must control. In reference to that intent, the power is construed with greater or less latitude. Osgood v. Franklin, 2 Johns. Ch. [N. Y.] 1, 7 Am. Dec. 513. [Italics supplied.] * * *

"The rule is clear and indisputable, that when a power to sell lands, or to do any other act, is conferred upon two or more persons, whether by name, or as executors, and it is dependent upon their judgment or discretion whether the act shall be done or not, the power conferred is a special trust or confidence; its exercise is a matter for the judgment or discretion of all, and without the concurrence of all the power cannot be exercised. Wooldridge v. Watkins, 3 Bibb [Ky.] 349; Tarver v. Haines, 55 Ala. 503." Ralls v. Johnson, 200 Ala. 178, 181, 75 So. 926.

In Mitchell, Adm'r, v. Spence et al., 62 Ala. 450, 453, it is held of the naked power of sale and that of personal confidence reposed by the testator that:

" * * * the statute does not intend its delegation or transmission to another. Anderson v. McGowan, 42 Ala. 285; Tarver v. Haines, 55 Ala. 503. The distinction between a *naked power* of sale, on which the statute operates, and a *discretionary power*, resting in personal confidence reposed in the executor, not within the operation of the statute is fully discussed in the authorities referred to, and it would be useless repetition to renew the discussion. * * *

"If the power had been naked—if it was simply to sell and convey, to it the administrator with the will annexed would have succeeded. But the sale and its terms depend on the exercise of judgment and of discretion by the executors and the power is not, therefore, transmitted by the statute."

It follows from what has been said Miss Harris was a necessary party, notwithstanding the power of disposition given by testator to Mrs. Glant, when enlarged by the statute. Section 6943 (section 3438).

▇ It may be observed of Mrs. Glant's pleading as a complainant that it evidences no present intent to exercise the power. However, it may be said, in this connection, that such a life tenant with the power of disposition must act in good faith to the remainderman, and not give the property away to defeat or defraud the latter of his right or interest. That is to say, unless the power is ample, sufficiently specific and full, a life tenant may not give the property away by deed, merely to defeat a remainder interest limited on such life estate. It must be admitted that under the terms employed in the instant will there could be no *devise* of the interest or the power of appointment of those to enjoy what remained of the estate after death of the life tenant. Powell v. Pearson (Ala. Sup.) 125 So. 39. Such result could not be accomplished by way of a voluntary conveyance merely to destroy the corpus and prevent a remainder; or without a valuable consideration moving to and for the material benefit in good faith to such life tenancy.

Any other rule would defeat the purposes of a testator (who stipulated for or contemplated a remainder or residue), and such action would be in the nature of a fraud upon her whom testator named to have and enjoy the residue of that estate. Yockers v. Hackmeyer, 203 Ala. 621, 84 So. 709.

In 27 A. L. R. 1388, it is said:

"A life tenant with power to dispose of the corpus of the estate, the unconsumed remainder being cared for in the original gift cannot exercise his power of disposition by a gift of the property inter vivos. Yockers v. Hackmeyer (1919) 203 Ala. 621, 84 So. 709; Bishop v. Groton Sav. Bank (1921) 96 Conn. 325, 114 A. 88; Pearson v. Orcutt (1920) 106 Kan. 610, 189 P. 160; Cook v. Higgins (1921) 290 Mo. 402, 235 S. W. 807. See also Clore v. Clore (1919) 184 Ky. 83, 211 S. W. 208.

"A specific power of sale was granted a life tenant and widow in the case of Yockers v. Hackmeyer (Ala.) supra, the will under consideration containing also the following clause: 'And I further authorize and empower her to consume any part of the corpus of my estate, for the purpose of comfortably supporting and maintaining herself and our children, as hereinbefore provided, and of properly educating the latter.' The unconsumed remainder of the property was given to the testator's children on the death of the widow and life tenant. The life tenant, so it appeared, delivered to one of the children, John Yockers, a deed to the lot in controversy, reciting a consideration of 'the love and affection which I bear to my son, John Yockers, and in grateful recognition of the faithful services he has rendered me for many years in the conduct of my business at No. 64 South Royal street in said city [of Mobile], for which he has not been adequately compensated.' The surviving children of the testator were of full age at the time of this conveyance, and the purposes of the trust

for their support and education had been accomplished. The life tenant's power of sale under the will might be exercised for the purpose of continuing the testator's business, or supporting and maintaining the life tenant. The grantee was not, in the opinion of the court, a purchaser; he was a volunteer. The court said: 'The consideration recited in the deed, viz., love and affection and grateful recognition of faithful services already performed, did not make a purchaser of the grantee. Nor do we find that in fact the grantor was indebted to the grantee. The grantee had been compensated for his services—adequately, the evidence goes to show; but, however that may have been, appellees, as remaindermen, had an interest in the property, and that interest could not be destroyed by the life tenant on consideration of love and affection, or her grateful recognition of services already rendered. Such a conveyance was not an exercise of the limited power conferred by the will. Conducive to this conclusion is the fact also, heretofore noted, that the conveyance to appellant reserved the use of the property to his grantor during her natural life. In other words, the gift, though in the form of a deed, was in effect testa· mentary in character; but the grantor had no power to dispose of the property by will.' "

The effect of the cases is that when a will gives a life estate *by express terms*, with the power of sale or disposition, and *an express remainder over* of what is "undisposed of during their life" (as was the case of Miss Weaver's will), the life tenant is entitled to the full possession, control, management, and enjoyment of the property for the time indicated, with the power to dispose of it for value— the whole, or so much of it as his necessities, or reasonably supposed necessities. may require or which his bona fide judgment may dictate. It is therefore noted that the restrictions are that the power be exercised by the life tenant during his life or for his own use and benefit; that it be exercised in good faith and not for the unjust purpose of defeating the intent of the testator and that of the remainderman in and to the residue presupposed or provided by the testator to the benefit of the person or object of his own nomination or appointment. 2 A. L. R. 1297 et seq.; 27 A. L. R. 1381 et seq.; Colburn v. Burlingame, 190 Cal. 697, 214 P. 226, 27 A. L. R. 1374; Hardy v. Mayhew, 158 Cal. 95, 110 P. 113, 139 Am. St. Rep. 73.

In Allen v. Hirlinger, 219 Pa. 56, 67 A. 907, 13 L. R. A. (N. S.) 458, 123 Am. St. Rep. 617, it is said by Mr. Chief Justice Mitchell (Colburn v. Burlingame, 190 Cal. 697, 214 P. 226, 27 A. L. R. 1377, 1378):

"The testator directed the payment of his debts and a small legacy to his daughter, and then devised the residue of his estate to his wife for life or widowhood, with permission to use and live therefrom and to have the full ownership, the same as he had himself during his life, and at her death whatever should remain to be given to his daughter. The class of wills to which this belongs present inherent difficulties in construction by their indication of an intent not accurately defined in the testator's own mind, if not of double and to some extent conflicting intents. The testator gives to the first taker the estate, or what is practically the same thing, the power to consume the whole, and yet manifests his expectation at least, if not his intention, that it shall not all be consumed. These two purposes, manifestly present in his mind, but not accurately defined, and their possible conflict, perhaps not perceived at all, at once raise the question: Has the will limited the estate given, or has it attempted to deprive the estate given of some of its essential legal properties? The cases must be classified on this line of distinction. In Good v. Fichthorn, 144 Pa. 287, 22 A. 1032, 27 Am. St. Rep. 630, it was said: .'The true test of the effect of language apparently at variance with other parts of the devise is whether the intent is to give a smaller estate than the meaning of the words of the gift standing alone would import, or to impose restraints upon the estate given. The former is always lawful and effective, the latter rarely, if ever. The first, because the testator's intention is the governing consideration in the construction and carrying out of a will; the second, because even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of its essential legal attributes.' While similar language has been differently construed in different wills, yet the difference has been in the application not in the guiding principle. The effort has uniformly been to discover the actual principal intent of the testator, and where that has been clear there is no case in which it has been departed from. * * *

"The appellant does not have a fee simple, for she could not make a valid devise of what may be left at her death, as that would go under the testator's will to his daughter. But appellant has an unlimited power to consume, and, as said in the very analogous case of Kennedy v. Pittsburg & L. E. R. Co., 216 Pa. 575, 65 A. 1102, the power to consume real estate necessarily includes the power to convey. Her deed therefore will convey a good title."

An estate for life with absolute power of disposition, not accompanied by any trust, passes a fee, as to creditors and purchasers, as essential to the exercise of the power itself, *but is held to be subject to a remainder estate in so far as not exercised.* Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Id., post, p. 364, 128 So. 458.

In Alford v. Alford, 56 Ala. 350, 352, Mr. Justice Stone declared: "Whatever doubts

may have been entertained of the correct rulings of this court, heretofore made, on the question we are considering, those doubts are resolved by the statute copied above [§ 1325, Rev. Code, 1595, the same as § 6928, Code of 1928, we interpolate], so far as that statute extends. Where a life-estate is created, and an absolute power of disposition conferred on the ·life-tenant, this enlarges the life-estate into a fee; not absolutely, but in favor, and only in favor, of the creditors of, and purchasers from the life-tenant. But, while the estate is thus enlarged in favor of creditors and purchasers, the same statute declares, that, in case the power is not executed, nor the lands sold for the satisfaction of debts, during the continuance of the particular estate, the property remains subject to any future estate limited thereon."

In Young v. Sheldon, Adm'r, 139 Ala. 444, 448, 36 So. 27, 28, 101 Am. St. Rep. 44, it is declared of Hood v. Bramlett, 105 Ala. 660, 17 So. 105, as follows: "As said in Hood v. Bramlett, supra: 'Section 1850 (1046) [§ 6928, Code of 1928, as we interpolate] of the Code is no more than a statutory recognition of this doctrine, so far as purchasers and creditors are concerned; but it changes the rule, where rights of purchasers and creditors do not supervene, in respect of, and only in respect of, future estates limited upon the life estate of the donee of the power, and, to estates thus limited, provides, in effect, that, unless the power of disposition is exercised by the tenant for life or years, they shall be executed and vested in title, possession and enjoyment in the remainderman upon the death of the tenant of the particular estate. But the ulterior estates thus protected must rest upon express limitations, and not upon mere implication.' "

Counsel seem to agree that section 6928, Code, does not apply since there was an estate or interest in the nature of a trust for Miss Harris as to any remainder or residue. Powell v. Pearson (Ala. Sup.) 125 So. 39, 45, 46;[2] Jemison v. Brasher, 202 Ala. 578, 582, 81 So. 80. And by its express terms the will limited the right of disposition as to time during life estates, and as to assent to that of the life tenants; and therefore the manner of use and conveyance is limited to that of valuable consideration. Appellant's counsel in brief concedes that section 6928 of the Code has no effect on the rights of any of the parties in this suit. This section reads: "When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts, during the continuance of such particular estate."

And appellee is in accord with this view of appellant. This court has held that a power of disposition is limited, and not within the terms of said section, where the power conferred is limited to a disposition during the life of the donee of the power, and where there is no power to devise the property by will. Nabors v. Woolsey, 174 Ala. 289, 56 So. 533; Stewart v. Morris, 202 Ala. 113, 79 So. 579; Yockers v. Hackmeyer, supra. See Powell v. Pearson (Ala. Sup.) 125 So. 39, 45, 46.[2]

The definition of "absolute power of disposition" contained in section 6931 of the Code has no application to section 6928, but applies only to sections 6929 and 6930 of the Code. Stewart v. Morris, Yockers v. Hackmeyer, supra.

Appellant could not claim protection as a purchaser from his wife under section 6928, because he is not a purchaser for a valuable consideration. Yockers v. Hackmeyer, 203 Ala. 621, 84 So. 709. It is our opinion that appellant is correct in the statement that section 6928, Code, is without application as to the attempted conveyance, or rather gift, by Mrs. Braley to her husband.

In the aspect of the bill for partition, solicitor's fees are to be limited to services rendered in securing that result. Dent v. Foy, 214 Ala. 243, 107 So. 210.

We have indicated that the interest of Georgia May Harris is such that she is a necessary party, with a vested interest subject to be defeated by the execution of the power in accordance with the will. Thorington v. Thorington, 111 Ala. 237, 20 So. 407, 36 L. R. A. 385. See Miller v. Wall, 216 Ala. 448, 113 So. 501, for authorities.

The judgment of the circuit court, in equity, is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

