I dissent.
In my opinion, the majority has misconstrued a statute, and the decisions of this Court. The majority holds that the power of appointment given to the testator's wife was general rather than limited.
The statute, that is now § 35-4-292 of the 1975 Code, construed by this Court in Braley v. Spragins, et al., 221 Ala. 150,128 So. 149 (1930), held that a donee by deed cannot be a "purchaser", because he is not a purchaser for a valuable consideration. Moreover, the Court said:
 This Court has held that a power of disposition is limited, and not within the terms of said sections (§ 6928 Code of 1928 — now § 35-4-292, Code of 1975) where the power conferred is limited to a disposition during the life of the donee of the power, and where there is no power to devise the property by will. (Citing cases).
The majority, apparently, will agree that the life tenant could not will the property under the terms of this will. (The appellees' mother attempted to convey the land by will on one occasion; she was advised that she could not will the property; subsequently, she had deeds prepared, and delivered them to her children. The appellant refused delivery of the deed to him).
It is obvious the majority has misconstrued Braley. This is evident from its lifting a statement from the opinion out of context. This is what the Court said:
 However, it may be said, in this connection, that such a life tenant with the power of disposition must act in good faith to the remainderman, and not give the property away to defeat or defraud the latter of his right or interest. That is to say, unless the power is ample, sufficiently specific and full, a life tenant may not give the property away by deed, merely to defeat a remainder interest limited on such life estate. It must be admitted that under the terms employed in the instant will there could be no devise of the interest or the power of appointment of those to enjoy what remained of the estate after death of the life tenant. Powell v. Pearson (Ala.Sup.), 220 Ala. 247, 125 So. 39. Such result could not be accomplished by way of a voluntary conveyance merely to destroy the corpus and prevent a remainder; or without a valuable consideration moving to and for the material benefit in good faith to such life tenancy.
 Any other rule would defeat the purposes of a testator (who stipulated for or contemplated a remainder or residue), and such action would be in the nature of a fraud upon her whom testator named to have and enjoy the residue of that estate. Yockers v. Hackmeyer, 203 Ala. 621, 84 So. 709.
The underlined part of the quotation is quoted in the majority to anchor its position that the power in the Nevin will constituted a general (absolute) power of appointment. The majority has to interpret words "ample", "sufficiently specific" and "full" to constitute a general power of appointment, *Page 271 
thus giving the life tenant the power to appoint by will.
Additionally Braley held:
 Appellant could not claim protection as a purchaser from his wife under § 6928, because he is not a purchaser for a valuable consideration. . . . It is our opinion that appellant is correct in the statement that § 6928, Code, is without application as to the attempted conveyance, or rather gift, by Mrs. Braley to her husband.
The majority also has misconstrued Yockers v. Hackmeyer,203 Ala. 621, 84 So. 709 (1919). That case, cited in 27 A.L.R. 1388, holds:
 A life tenant with power to dispose of the estate, the unconsumed remainder being cared for in the original gift cannot exercise his power of disposition by a gift of the property inter vivos.
Finally, in Alford v. Alford, 56 Ala. 350, this Court declared:
 Whatever doubts may have been entertained of the correct rulings of this court, heretofore made, on the question we are considering, those doubts are resolved by the statute copied above [§ 1325, Rev. Code, 1595, the same as § 6928, Code of 1928, we interpolate], so far as that statute extends. Where a life-estate is created, and an absolute power of disposition conferred on the life-tenant, this enlarges the life-estate into a fee; not absolutely, but in favor, and only in favor, of the creditors of, and purchasers from the life-tenant.
As already noted in this dissent "purchaser" means "purchaser for a valuable consideration" not an inter vivos gift. By extending the meaning of "purchaser" in § 35-4-292 to include gratuitous donees, the majority has construed the statute is a way never contemplated by the Legislature, and has defeated the testator's intent and purpose.
EMBRY and BEATTY, JJ., concur.